# Commonwealth *v.* Spinelli, Appellant.

*Judgments—Opening—Discretion of court.*

On a petition to open a judgment entered on a warrant contained in a bond, it appeared that a truck owned by defendant had been seized by the police authorities while engaged in the transportation of intoxicating liquors in violation of the Act of March 27, 1923, P. L. 34. It also appeared that the truck was returned to the defendant

upon his filing a bond conditioned that the truck be delivered to the district attorney at the time of the forfeiture and condemnation proceedings to abide the judgment of the court.  The petition averred that defendant had complied with the conditions of the bond, but an affidavit by an assistant district attorney specifically averred that the defendant failed to deliver the car in accordance with the terms of the bond.

Under such circumstances, no depositions having been taken, the Court did not abuse its discretion in refusing to open the judgment.

Argued December 14, 1926.  Appeal No. 307 October T., 1926, by Peter Spinelli from order of Q. S. Philadelphia County, June Term, 1924, No. 47, in the case of Commonwealth of Pennsylvania v. One Reo Truck and 10 half barrels of beer, in the possession of Dominick Coppolino and Anthony Tirro—Simon and Dunlap, Peter Spinelli, reputed owners.  Before Porter, P. J., Henderson, Trexler, Keller, Linn and Cunningham, JJ.  Affirmed.

Rule to open judgment entered by confession under a warrant contained in a bond.  Before Smith, J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule.  Peter Spinelli appealed.

*Error assigned,* among others, was the order of the court.

*Douglas & Schultz* for appellant.

*Hugh D. Scott, Jr.,* Assistant District Attorney, and with him *Joseph K. Willing,* Assistant District Attorney, and *Charles Edwin Fox,* District Attorney, for appellee.

Opinion by Porter, P. J., April 27, 1927:

The judgment in this case against the defendants was entered by confession, under a warrant contained

504 COMMONWEALTH *v.* SPINELLI, Appellant.

in a bond. The defendant, Spinelli, presented his petition to the court below praying that the judgment be opened and that he be let into a defence, alleging that he had complied with the condition of the bond. The court below granted a rule on the Commonwealth to show cause why the judgment should not be opened, which rule it subsequently discharged, and from that order we have this appeal by Spinelli.

This is not a proceeding in rem, as argued by appellant's counsel, although the judgment was entered upon a bond which grew out of such proceeding. An automobile truck owned by the defendant was, on May 17, 1924, seized by the police authorities of the City of Philadelphia, while engaged in the transportation of intoxicating liquor, in violation of the Act of March 27, 1923, P. L. 34. The appellant, on May 29, 1924, presented his petition to the court, alleging that he was the owner of the truck and was not responsible for its unlawful use, and praying that the same be returned to him and, upon his filing the bond in question with the National Surety Company as surety, the court so ordered. The district attorney, on June 6, 1924, filed a petition praying for the forfeiture and condemnation of the truck; the appellant filed an answer, to this petition and demanded a jury trial, which trial resulted in a judgment of condemnation of the truck. It is the unlawful use of the truck which works the forfeiture. The subsequent proceedings are only to determine whether a forfeiture has occurred; when those proceedings result in condemnation the title of the Commonwealth relates back to the date of the seizure. The condition of the bond was "That the said vehicle be delivered to the district attorney, or any person designated by him at the time of the forfeiture and condemnation proceedings to abide the judgment of the court, and that if it be determined by the Court of Quarter Sessions that said vehicle or conveyance ...... be adjudged forfeited and con-

demned ...... then this obligation to remain in full force and virtue and to abide any order or decree of the Court of Quarter Sessions of the Peace made in the final disposition of the case." The petition of Spinelli averred that he had complied with the condition of his bond in that he did "physically deliver the truck to the district attorney." We have, on the other hand, the affidavit of John A. Boyle, assistant district attorney, specifically averring that the defendants "failed to deliver the car in accordance with the terms of said bond and notice at the time of the condemnation proceedings." We have thus oath against oath, and no depositions were taken. We would not, in such circumstances, be warranted in holding the court below guilty of an abuse of discretion in refusing to open the judgment.

The order is affirmed.